United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> MAPLE TREE INVESTORS, et al., <br><br> Defendants. | Case No. 17-CV-06762-LHK <br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF** <br><br> Re: Dkt. No. 41 |

On October 8, 2019, Defendants filed a motion for administrative relief, requesting that the Court order Plaintiff to provide an unredacted line-item fee invoice in compliance with General Order 56. ECF No. 41 ("Mot."). Plaintiff filed an opposition. ECF No. 44 ("Opp'n").[1] Defendants filed a court-ordered reply, requesting in the alternative that the Court order Plaintiff to provide a full and unredacted version to the Mediator and a redacted version to Defendants. ECF No. 46 ("Reply"). The Court GRANTS in part Defendants' request, as explained below.

General Order 56 provides that, "[i]f the parties reach a tentative agreement on injunctive relief, plaintiff shall forthwith provide defendant with a statement of costs and attorney's fees

---

[1] Because every page in Plaintiff's refiled Opposition is numbered "1," the Court's citations to this document are to the ECF pagination.

1
Case No. 17-CV-06762-LHK
ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF

incurred to date." General Order 56 further provides that, if requested, a plaintiff "should provide documentation and support for its attorney's fees similar to what an attorney would provide in a billing statement to a client."

The information Plaintiff has provided to Defendants is a billing summary that identified twelve billers as attorneys, and the total number of hours and amounts billed by each biller. ECF No. 41-1 at 6. There is no description of what, when, and for how long the billers performed any tasks in this case.

Despite Defendants' request for more information, Plaintiff refuses to provide anything further and argues that General Order 56 does not require Plaintiff to provide any more information, citing the word "should" in the General Order. Opp'n at 3. The Court disagrees with Plaintiff's interpretation of the word "should," which would render the provision without meaning. Opp'n at 3–4. Because Plaintiff has not identified any reason that merits an exception, General Order 56 requires that Plaintiff provide "documentation and support for its attorney's fees" to Defendants.

Plaintiff also refuses to provide more information on the basis that such information is protected by attorney-client privilege. Opp'n at 1–2. The Court finds that California law does not squarely address the privilege in this context. The California Supreme Court has held that, "[w]hen a legal matter remains pending and active, the privilege encompasses everything in an invoice, including the amount of aggregate fees." *Los Angeles Cty. Bd. of Supervisors v. Superior Court*, 2 Cal. 5th 282, 297 (2016). However, the same opinion also contemplated an exception where "this very same information no longer communicates anything privileged, because it no longer provides any insight into litigation strategy or legal consultation," such as for "legal matters that concluded long ago." *Id.* at 298.

Here, the request for billing invoices comes after the parties' agreement on statutory damages and remedial measures. Reply at 2. Defendants note that the "scope of injunctive relief has been agreed for months." *Id.* Plaintiff even acknowledges that Defendants have already "voluntarily removed the barriers at issue in this case." Opp'n at 2. The parties are planning to

2

Case No. 17-CV-06762-LHK
ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF

engage in mediation to resolve the amount and reasonableness of attorney's fees. Reply at 2.

Plaintiff further argues that "no level of redaction can protect the privilege." Opp'n at 5. However, Plaintiff previously publicly disclosed information of this nature, such as the description of Plaintiff's attorney Mary Melton's work when she was "tasked with rescheduling the site inspection." ECF No. 20 at 2. Mary Melton is listed as one of the attorney timekeepers in Plaintiff's billing summary, ECF No. 41-1 at 6, and Plaintiff does not explain why such descriptions would be unworkable. Moreover, Plaintiff represented in a declaration to the Court that he has already provided "an unredacted copy of the billing statement in this matter to the mediator," ECF No. 44-1 at 2. The Court finds that fee information may be disclosed without "provid[ing] any insight into litigation strategy or legal consultation." *See Los Angeles Cty. Bd. of Supervisors*, 2 Cal. 5th 282, 297.

Importantly, the Court agrees with Defendants' concerns that a contrary interpretation of General Order 56 would allow plaintiffs' attorneys to improperly inflate attorney's fees. This risk would not only contravene the spirit of General Order 56 but could incentivize plaintiffs' attorneys to forgo meaningful relief for their clients over attorney's fee disputes. These concerns are particularly prevalent here, where the record reveals unusual behavior from Plaintiff's attorneys. These deviations include "two failed attempts to conduct a joint site inspection," during which Plaintiff failed to appear but Defendants showed up as scheduled, incurring "substantial attorneys' fees and costs." Mot'n at 2. These failed attempts without prior notice to Defendants resulted in multiple administrative motions for Plaintiff to comply with General Order 56, *see* ECF Nos. 18, 25, 26.

In fact, the Court issued an Order to Show Cause to Plaintiff and instructed Plaintiff to file a written response to explain why the case should not be dismissed for failure to prosecute. ECF No. 19. The Court described how, following Plaintiff's failure to appear at the first scheduled site inspection, Defendants' counsel received no response to "multiple emails to Plaintiff's counsel seeking reimbursement for fees and expenses incurred as a result of the incomplete inspection, and requesting an alternative date for the inspection." *Id.* The Court further noted that this inactivity

3

Case No. 17-CV-06762-LHK
ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF

mirrored the docket in the case, where the only activity since the initially scheduled site inspection was "two notices of appearances and one notice of withdrawal." *Id.* (citing ECF Nos. 15, 16, 17). Plaintiff then failed to respond to Defendants' motion for leave to file a motion for sanctions. *Id.* "Simply put then," as of the Court's July 27, 2018 Order to Show Cause, "Plaintiff [had] not substantively engaged with this case since March 1, 2018." *Id.* The Court only vacated the hearing on the Order to Show Cause when Plaintiff finally submitted a written response, alleging that "[p]rior counsel for Plaintiff, Mary Melton, had been tasked with rescheduling the site inspection on a date that was workable for Mr. Johnson. This did not occur and Ms. Melton has since left the firm." ECF No. 20 at 2.

Given Plaintiff's track record in this case, the Court agrees that the billing information requested by Defendant is necessary to understand what work was performed by whom to enable Defendants to effectively challenge any fees that may have been improperly charged. For example, Defendants noted that Plaintiff initially provided billing information that incorrectly charged for multiple site inspections by Plaintiff, even though Plaintiff did not appear at two of the attempted inspections. Mot. at 2. After Defendants noted the discrepancy, Plaintiff purportedly provided a different billing summary with "substantially increased" attorney's fees, attempting to "'transfer' money around to get to the same result." Reply at 2. As stated above, Plaintiff's latest billing summary claims that twelve different attorneys worked on this case. ECF No. 41-1 at 6. This list is surprising given Plaintiff's limited activity on the matter. *See* ECF No. 19. Although the Court need not wade into the thicket surrounding these discrepancies, the Court finds that providing more detailed billing information is amply justified in light of this record.

Based on the foregoing, the Court views that a compromise solution best effectuates General Order 56 in light of the attorney-client privilege concerns raised by Plaintiff in this case. The Court hereby ORDERS that Plaintiff provide a line-item fee invoice that identifies the date, the biller, the hourly rate, justification for the hourly rate, the task, and the amount of time billed per task. Plaintiff shall provide this information to Defendants and to the Mediator by October 31, 2019. Plaintiff may describe each task to avoid revealing "the type of research," ECF No. 44-1 at

2–3, or other matters directly relevant to "litigation strategy or legal consultation," *see Los Angeles Cty. Bd. of Supervisors*, 2 Cal. 5th at 298. For example, Plaintiff may frame the task descriptions at a high level (e.g., "legal research," "drafting complaint," etc.), which will mitigate any risk of revealing privileged information.

Finally, the Court DENIES Plaintiff request for certification of this order for interlocutory review. This Order does not meet the standards set forth in 28 U.S.C. § 1292(b), requiring a "controlling question of law" that "may materially advance the ultimate termination of the litigation."

**IT IS SO ORDERED.**

Dated: October 28, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge